[No. B233562. Second Dist., Div. Five. Sept. 20, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL GARCIA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts II., III.A.–B. and III.C.8.

COUNSEL

Jonathan P. Fly, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**TURNER, P. J.—**

## I. INTRODUCTION

A jury convicted defendant, Paul Garcia, of making criminal threats (Pen. Code,[1] § 422), a serious felony. (§ 1192.7, subd. (c)(38).) Defendant made the criminal threats on May 28, 2010. The trial court found defendant had sustained one prior serious felony conviction. (§ 667, subd. (a)(1).) Defendant was sentenced to six years four months in state prison. Defendant was sentenced on January 26, 2011.

Defendant was in presentence custody for 244 days from May 28, 2010, to January 26, 2011. Prisoners in local presentence custody earn credit against their state prison terms for good conduct and agreeing to perform labor as directed by the sheriff. (*People v. Brown* (2012) 54 Cal.4th 314, 317 [142 Cal.Rptr.3d 824, 278 P.3d 1182]; *People v. Austin* (1981) 30 Cal.3d 155, 163 [178 Cal.Rptr. 312, 636 P.2d 1].) Over the past several decades, computing presentence conduct credits has been a fairly straightforward, albeit some-times taxing, ministerial duty. But between October 11, 2009, and September 20, 2011, Governor Arnold Schwarzenegger or Edmund G. Brown, Jr., signed five legislative bills which concern the calculation of presentence conduct

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

credits. These five legislative bills have made calculating presentence conduct credits a potentially complex undertaking. And, trial courts throughout California have been deluged with motions, habeas corpus petitions and handscrawled or typewritten (on actual typewriters) letters from inmates seeking additional presentence conduct credits.

In the published portion of this opinion, we will describe how those five legislative bills apply to this case. Because of the interplay between various bills and the dates of the commission of different offenses, there are a wide-ranging number of presentence conduct credit calculation scenarios. We will only resolve the case before us—a May 28, 2010 offense and a January 26, 2011 sentencing. We conclude defendant is entitled to only two days of conduct credit for every four days served in presentence custody. This is because in this case and on a prior occasion defendant was convicted of a serious felony.

This case does not involve a murder or other violent felony conviction. Presentence conduct credits in such cases involve different calculations. (§§ 2933.1, subd. (c) [15 percent limit on presentence conduct credits in violent felony conviction prosecutions], 2933.2 [no presentence conduct credits for convicted murderers].) Hence, we are not discussing in any way the effect of the five legislative bills on presentence conduct credits in murder or other violent felony prosecutions.

## II. THE EVIDENCE[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III. DISCUSSION

### A., B.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### C. Presentence Conduct Credit

#### 1. Overview

The availability of conduct credits has been the subject of reform throughout California history. Initially, local boards of supervisors were charged with the duty to enact rules concerning labor in county jails. (Code commrs., note

---

[*]See footnote, *ante*, page 530.

foll., Ann. Pen. Code, §§ 1612–1614 (1st ed. 1872), Haymond & Burch, Comrs. annotators) p. 292; Stats. 1893, ch. CCXIV, § 1, p. 298.) In 1893, former section 1614 was amended to permit an inmate who had obeyed a jail's rules and regulations to receive five days of credit against her or his sentence. The availability of the potential five days of credit was dependent on the approval of a local board of supervisors. (Stats. 1893, ch. CCXIV, § 1, p. 298.) In 1941, former sections 4018 and 4019 were enacted, which allowed for up to a total of 10 days per month of conduct and work credits. (Stats. 1941, ch. 106, pp. 1122–1123.) In 1955, former sections 4018 and 4019 were amended, but the maximum amount of work and conduct credits remained fixed at 10 days per month. (Stats. 1955, ch. 912, §§ 2–3, pp. 1538–1539.) In 1976, the Legislature repealed the 1955 versions of former sections 4018 and 4019. Former section 4019 was then reenacted and provided prisoners were to receive, for each "one-fifth of a month" of actual custody, two days of conduct and work credits. (Stats. 1976, ch. 286, § 4, p. 595.) In 1978, former section 2900.5, subdivision (a) was amended to include section 4019 conduct credits in the calculation of presentence conduct credits for convicted defendants sentenced to prison. (Stats. 1978, ch. 304, § 1, pp. 632–633.)

In 1982, former section 4019 was amended to provide presentence conduct credits so that for every four days served in custody the defendant was deemed to have served six days. From 1982 through 2009, former section 4019 authorized two days' conduct credit for every four days spent in presentence custody. (Former § 4019, subds. (b) & (c), as amended by Stats. 1982, ch. 1234, § 7, pp. 4553–4554; *People v. Brown, supra,* 54 Cal.4th at p. 318, fn. 4; *Payton v. Superior Court* (2011) 202 Cal.App.4th 1187, 1190 [136 Cal.Rptr.3d 129].) The Legislature declared in 1982, "It is the intent of the Legislature that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody." (Former § 4019, subd. (f), as amended by Stats. 1982, ch. 1234, § 7, pp. 4553, 4554.)

At issue in this case are five amendments to section 4019 and two amendments to section 2933. Before proceeding to a specific analysis of each amendment to sections 2933 and 4019, it is best to identify the five separate bills which affect presentence conduct credit calculations. For purposes of clarity, we shall refer to the amendments by their bill numbers. First, on October 11, 2009, former Governor Schwarzenegger approved Senate Bill No. 3X 18 (2009–2010 3d Ex. Sess.) (Senate Bill No. 3X 18), which amended section 4019. (Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50.) Senate Bill No. 3X 18 contains the controlling amendments to section 4019 in effect when defendant threatened the victim on May 28, 2010. Second, on September 28, 2010, Governor Schwarzenegger signed Senate Bill No. 76 (2009–2010 Reg. Sess.) (Senate Bill No. 76), which amended sections 2933 and 4019. (Stats. 2010, ch. 426, §§ 1–2.) Senate Bill No. 76 was in effect

when defendant was sentenced on January 26, 2011. Third, on April 4, 2011, Governor Brown signed Assembly Bill No. 109 (2011–2012 Reg. Sess.) (Assembly Bill No. 109), which amended, as relevant here, section 4019. (Stats. 2011, ch. 15, § 482.) Fourth, on June 30, 2011, Governor Brown signed Assembly Bill No. 117 (2011–2012 Reg. Sess.) (Assembly Bill No. 117), which amended section 4019. (Stats. 2011, ch. 39, § 53.) Fifth, on September 20, 2011, Governor Brown signed Assembly Bill No. 1X 17 (2011–2012 1st Ex. Sess.) (Assembly Bill No. 1X 17), which amended section 4019. (Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 12, § 35.)

As we will explain, Senate Bill No. 76, which amended sections 2933 and 4019, contains the controlling presentence conduct credits provisions. Now what is the impact in this case of Assembly Bill Nos. 1X 17, 109 and 117, all adopted after defendant was sentenced on January 26, 2011? The answer to that question: absolutely nothing.

### 2. Senate Bill No. 3X 18

On December 19, 2008, former Governor Schwarzenegger declared a fiscal emergency. (Governor's Exec. Order No. S-16-08, Dec. 19, 2008 <http://gov.ca.gov/news.php?id=11310> [as of Sept. 20, 2012].) In response, the Legislature adopted a comprehensive set of amendments designed to reduce expenditures. (See Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 62; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d Reading analysis of Sen. Bill No. 3X 18 (3d Ex. Sess. 2009–2010) Jan. 12, 2009); *People v. Brown, supra,* 54 Cal.4th at pp. 317–318; *Payton v. Superior Court, supra,* 202 Cal.App.4th at p. 1191.) Signed into law on October 11, 2009, by Governor Schwarzenegger, Senate Bill No. 3X 18 provided a more generous award of presentence conduct credits than in the 1982 version of section 4019. (Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50.) Senate Bill No. 3X 18 was adopted during an extraordinary legislative session. Thus, Senate Bill No. 3X 18 did not go into effect until January 25, 2010. (Cal. Const., art. IV, § 8, subd. (c), par. (1) ["[A] statute enacted at a special session shall go into effect on the 91st day after adjournment of the special session at which the bill was passed."]; see *People v. Brown, supra,* 54 Cal.4th at p. 318.) The 2009–2010 third extraordinary session adjourned on October 26, 2009. (3X Sen. J. (2009–2010 3d Ex. Sess.) p. 273.) The 91st day after October 26, 2009, was January 25, 2010. Thus, prior to January 25, 2010, the two days of conduct credit for every four days in custody computation was the controlling rule of law. (See *People v. Brown, supra,* 54 Cal.4th at p. 318 & fn. 4; Stats. 1982, ch. 1234, § 7, pp. 4553–4554.)

With exceptions, Senate Bill No. 3X 18 provided presentence conduct credits of two days for every two days served in a county jail for persons

committed to prison. (Former § 4019, subds. (b)(1) & (c)(1).) But defendant was ineligible for an award of two days of conduct credit for every two days served in county jail. This is because he was convicted in this case of a serious felony. And he had previously been convicted of a serious felony. Former section 4019, subdivisions (b)(2) and (c)(2) in the Senate Bill No. 3X 18 version of the statute barred such an award for inmates under these circumstances. The Senate Bill No. 3X 18 version of former section 4019, subdivisions (b) and (c) stated in those parts relevant to defendant: "(b)(1) Except as provided in Section 2933.1 and paragraph (2), subject to the provisions of subdivision (d), for each four-day period in which a prisoner is confined in . . . a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff . . . . [¶] (2) If the prisoner . . . was committed for a serious felony . . . or has a prior conviction for a serious felony . . . , for each six-day period in which the prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff . . . . [¶] (c)(1) Except as provided in Section 2933.1 and paragraph (2), for each four-day period in which a prisoner is confined in . . . a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff . . . . [¶] (2) If the prisoner . . . was committed for a serious felony . . . , or has a prior conviction for a serious felony . . . , for each six-day period in which the prisoner is confined in . . . a facility as specified in this section, one day shall be deducted from his or her period of confinement unless [it] appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff . . . ." As noted, defendant was convicted of a serious felony. Either defendant's present or prior serious felony conviction precluded a presentence conduct credit award of two days for every two days in actual physical confinement. Thus, former section 4019, subdivisions (b)(2) and (c)(2), as amended by Senate Bill No. 3X 18, only provided defendant with two days of conduct credits for every four days served in actual custody.[2]

---

[2] Former section 4019, subdivisions (b) and (c), as amended by Senate Bill No. 3X 18, stated in their entirety: "(b)(1) Except as provided in Section 2933.1 and paragraph (2), subject to the provisions of subdivision (d), for each four-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of an industrial farm or road camp. [¶] (2) If the prisoner is required to register as a sex offender pursuant to Chapter 5.5 (commencing with Section 290), was committed for a serious felony, as defined in Section 1192.7, or has a prior conviction for a serious felony, as defined in Section

The foregoing is confirmed by former section 4019, subdivision (f), as amended by Senate Bill No. 3X 18, "It is the intent of the Legislature that if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody, except that a term of six days will be deemed to have been served for every four days spent in actual custody for persons described in paragraph (2) of subdivision (b) or (c)." Under Senate Bill No. 3X 18, defendant, with his present and prior serious felony convictions, was entitled to only two days of presentence conduct credit for every four days actually served in custody. (*People v. Lara* (2012) 54 Cal.4th 896, 899 [144 Cal.Rptr.3d 169, 281 P.3d 72]; *People v. Brown, supra,* 54 Cal.4th at p. 318, fn. 5; *People v. Holford* (2012) 203 Cal.App.4th 155, 159, fn. 2 [136 Cal.Rptr.3d 713]; *People v. Brewer* (2011) 192 Cal.App.4th 457, 461, fn. 5 [121 Cal.Rptr.3d 649].)

### 3. Senate Bill No. 76

The increased conduct credit rate (for persons other than defendant) in Senate Bill No. 3X 18 lasted until September 28, 2010. Effective September 28, 2010, in Senate Bill No. 76, the Legislature restored conduct credit accrual *for all local prisoners* to the prior existing rates. That is, local conduct credits were awarded two days for every four days in the county jail. (Former § 4019, subds. (b) & (c), as amended by Stats. 2010, ch. 426, § 2; Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business Analysis of Sen. Bill No. 76 (2009–2010 Reg. Sess.) as amended Aug. 20, 2010.) The Legislature declared, "It is the intent of the Legislature that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody." (Former § 4019, subd. (f), as amended by Sen. Bill No. 76.) Senate Bill No. 76 eliminated the differing

1192.7, or a violent felony, as defined in Section 667.5, subject to the provisions of subdivision (d), for each six-day period in which the prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of an industrial farm or road camp. [¶] (c) (1) Except as provided in Section 2933.1 and paragraph (2), for each four-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent of an industrial farm or road camp. [¶] (2) If the prisoner is required to register as a sex offender pursuant to Chapter 5.5 (commencing with Section 290), was committed for a serious felony, as defined in Section 1192.7, or has a prior conviction for a serious felony, as defined in Section 1192.7, or a violent felony, as defined in Section 667.5, for each six-day period in which the prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless [it] appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent of an industrial farm or road camp."

treatment of local prisoners in former section 4019, subdivisions (b)(2) and (c)(2): those required to register as sex offenders; committed for serious felonies; or who had prior serious or violent felony convictions. The amendment to former section 4019 by Senate Bill No. 76 applied to prisoners in local custody for crimes committed on or after September 28, 2010. (Former § 4019, subd. (g), as amended by Sen. Bill No. 76.)

At the same time, Senate Bill No. 76 amended former section 2933 to award day-for-day conduct credit to certain prisoners in local presentence custody who were sentenced to prison. (Former § 2933, subd. (e)(1), as amended by Stats. 2010, ch. 426, § 1, eff. Sept. 28, 2010.) As we will explain, defendant was ineligible for the day-for-day credits. Section 2933 had previously been concerned only with postsentence prison work credits. (See *In re Reeves* (2005) 35 Cal.4th 765, 774 [28 Cal.Rptr.3d 4, 110 P.3d 1218].) Nevertheless, effective September 28, 2010, with certain exceptions, section 2933 superseded section 4019 with respect to defendants receiving *executed* determinate sentences. (By *executed* sentences, the Legislature meant the accused was actually committed to state prison rather than placed on probation with proceedings suspended; imposition of sentence suspended; or execution of sentence suspended.)

Former section 2933, subdivision (e)(1), as amended by Senate Bill No. 76 stated in part: "Notwithstanding Section 4019 and subject to the limitations of this subdivision, a prisoner sentenced to the state prison under Section 1170 for whom the sentence is executed shall have one day deducted from his or her period of confinement for every day he or she served in [local custody] from the date of arrest until state prison credits pursuant to this article are applicable to the prisoner." However, former section 2933, subdivision (e)(3) provided exceptions to the day-for-day conduct credits regime: "Section 4019, and not this subdivision, shall apply if the prisoner is required to register as a sex offender . . . , was committed for a serious felony, . . .or has a prior conviction for a serious felony . . . or a violent felony . . . ." This provision remained in effect until October 1, 2011. Senate Bill No. 76 was urgency legislation that took effect immediately. The Legislature declared: "This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are: [¶] In order to provide for local custody credits in a manner consistent with historic practices and policies of local law enforcement officials as soon as possible . . . ." (Stats. 2010, ch. 426, § 5.)

Thus, under Senate Bill No. 76, defendant was ineligible for the one-day conduct credit award for each day in custody under former section 2933, subdivision (e)(1). Why—because in this case he was convicted of a serious

felony. And he had previously been convicted of a serious felony. Therefore, conduct credits must be calculated under former section 4019; not under former section 2933, subdivision (e)(1), as amended by Senate Bill No. 76. As we will explain next, section 2933, subdivision (e), with its impact on presentence conduct credits, was short-lived. Effective October 1, 2011, as part of the realignment legislation, the former section 2933, subdivision (e) presentence conduct credits provision was repealed. Section 4019 returned as the standard for awarding presentence conduct credits. (Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 12, § 16.)

### 4. Assembly Bill No. 109

Governor Brown signed Assembly Bill No. 109 on April 4, 2011. Assembly Bill No. 109 was part of the criminal justice realignment reforms. The Legislative Counsel's Digest states Assembly Bill No. 109 was to take effect immediately. (Legis. Counsel's Dig., Assem. Bill No. 109 (2011–2012 Reg. Sess.) p. 7.) However, as we will explain, the effective date as of April 4, 2011, was initially July 1, 2011, and it was extended later to October 1, 2011.

Assembly Bill No. 109 authorized conduct credit for *all local prisoners* at the rate of two days for every two days spent in local presentence custody. (former § 4019, subds. (b) & (c), as amended by Stats. 2011, ch. 15, § 482, eff. Apr. 4, 2011, operative Oct. 1, 2011.) The Legislature declared, "It is the intent of the Legislature that if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody." (Former § 4019, subd. (f), as amended by Stats. 2011, ch. 15, § 482.) This conduct credit accrual rate was consistent with that for state prison inmates. (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 109, as amended Mar. 14, 2011; Assem. Conc. in Sen. Amends. to Assem. Bill No. 109, as amended Mar. 17, 2011.) Assembly Bill No. 109 omitted any exclusion for prisoners required to register as sex offenders; committed for serious felonies; or who had sustained prior serious or violent felony convictions. (§ 4019, as amended by Assem. Bill No. 109; *People v. Lara, supra,* 54 Cal.4th at p. 906, fn. 9.) In former section 4019, subdivision (h), Assembly Bill No. 109 described its prospective nature and effective date of the new presentence conduct credit calculations standards: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after July 1, 2011. Any days earned by a prisoner prior to July 1, 2011, shall be calculated at the rate required by the prior law." (Stats. 2011, ch. 15, § 482.) A note of caution though, the July 1 section 4019 effective date was superseded by an October 1, 2011 effective date in Assembly Bill No. 117. We digest Assembly Bill No. 117 in the next paragraph.

### 5. Assembly Bill No. 117

On June 30, 2011, Governor Brown signed Assembly Bill No. 117. Governor Brown signed Assembly Bill No. 117 before the July 1, 2011 operative date of Assembly Bill No. 109. Assembly Bill No. 117 maintained the two days of credit for every two days served the standard of presentence credit calculation established in the initial realignment legislation in Assembly Bill No. 109. There were amendments to section 4019 that are irrelevant to our discussion. But Assembly Bill No. 117 adopted a new effective date for application of the two days of credit for every two days served standard of presentence conduct credits calculation: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (§ 4019, subd. (h), as amended by Assem. Bill No. 117.) Assembly Bill No. 117 thus created a new effective date for calculating presentence conduct credits.

### 6. Assembly Bill No. 1X 17

On September 20, 2011, Governor Brown signed Assembly Bill No. 1X 17, which was enrolled by the Secretary of State on September 21, 2011. (Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 12, § 35.) Assembly Bill No. 1X 17 is the current version of section 4019. As to section 4019, Assembly Bill No. 1X 17 clarified that its terms applied to felons sentenced to county jail pursuant to section 1170, subdivision (h). (§ 4019, subd. (a)(6).) Assembly Bill No. 1X 17 did not change the method of presentence conduct credit calculation. As in connection with the April 4 and June 30, 2011 versions, a term of four days is deemed to have been served for every two days spent in actual custody. (§ 4019, subd. (f).) Section 4019, subdivision (h) describes its prospective effect: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." The operative date provisions for presentence conduct credit calculation are the same in Assembly Bills Nos. 117 and 1X 17—October 1, 2011.

### 7. Application to Defendant

Defendant threatened the victim on May 28, 2010. On May 28, 2010, Senate Bill No. 3X 18 provided, in some cases, that for each two days in custody, the accused received two days of conduct credits. But defendant was

ineligible for those more generous credits. He was convicted of a serious felony in this case. And he had previously been convicted of a serious felony. (Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50; former § 4019, subds. (b)(2), (c)(2) & (f).) Thus, on the day the victim was threatened, defendant was entitled to only two days of conduct credit for every four days of actual custodial confinement.

Defendant was sentenced on January 26, 2011. By January 26, 2011, Senate Bill No. 76 had repealed the rule which provided that for every two days in custody the accused received two days of conduct credits for some defendants. (Stats. 2010, ch. 426, §§ 1–2; Pen. Code, §§ 2933, subd. (e), 4019, subds. (b), (c) & (f).) Hence, under the versions of section 4019 in effect on or before January 26, 2011, defendant may not receive two days of conduct credits for each two days in custody.

Nothing in the criminal justice realignment legislation signed by Governor Brown changes matters for defendant. As noted, the April 4, 2011 legislation, Assembly Bill No. 109, expressly states it applies prospectively only and only to post-June 30, 2011 offenses. (Stats. 2011, ch. 15, § 482; Pen. Code, former § 4019, subd. (h).) As to the June 30, 2011 amendments, Assembly Bill No. 117 states its presentence conduct credit provisions are to be prospectively applied and then only to post-September 30, 2011 crimes. (Stats. 2011, ch. 39, § 53; Pen. Code, former § 4019, subd. (h).) Finally, as to Assembly Bill No. 1X 17, by its explicit terms, it is to be applied prospectively only. And any credits "earned" prior to October 1, 2011, are to be calculated at the rate required by prior law. Nothing in the post-January 26, 2011 (the date he was sentenced) development of section 4019 grants defendant the right to two days of conduct credits for each two days in custody. (*People v. Brown, supra,* 54 Cal.4th at pp. 319–328; *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1548, 1549–1553 [145 Cal.Rptr.3d 24].)

8. Unpublished Discussion[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV. DISPOSITION

The judgment is modified to grant defendant credit for 244 days in presentence custody and 122 days of conduct credit for a total credit of 366 days. The judgment is affirmed in all other respects. Upon remittitur issuance,

---

[*]See footnote, *ante,* page 530.

the superior court clerk is to prepare an amended abstract of judgment and deliver a copy to the Department of Corrections and Rehabilitation.

Kriegler, J., and Ferns, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied December 19, 2012, S206270.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.