Filed 3/22/13  P. v. Baze CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>STEVEN RICHARD BAZE,<br><br>　　　Defendant and Appellant. | F062960<br><br>(Super. Ct. No. MCR035917)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Madera County.  Joseph A. Soldani, Judge.

Jessie Morris., Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, William K. Kim and Tiffany J. Gates, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

After his probation was revoked for the fourth time, appellant Steven Richard Baze was ordered to serve his previously suspended sentence of four years in state prison.  In this appeal, Baze seeks additional time credit for (1) time he spent at an inpatient

treatment program, and (2) conduct credit for time he spent in county jail, based on the more generous accrual rate of former Penal Code section 2933, which was the statute in effect at the time his sentence was executed.[1]

The People concede that the trial court erred in determining that Baze was categorically ineligible for custody credit for the time he spent in the inpatient treatment program, but assert the matter must be remanded to the trial court to determine whether the program was sufficiently restrictive to be considered custodial.

We remand the matter to the trial court to determine whether Baze was "in custody" during the period he was subject to a probation officer's directive ordering him to participate in the inpatient treatment program. (§ 2900.5, subd. (a).) We conclude, however, that Baze is not entitled to additional conduct credit. The trial court correctly calculated his conduct credit pursuant to former section 4019, the statute in effect at the time he was in presentence custody in 2009.

### *FACTUAL AND PROCEDURAL HISTORIES*

On September 24, 2009, the Madera County District Attorney filed a two-count information against Baze charging him with (1) felony stalking in violation of a temporary restraining order (§ 646.9, subd. (b)) and (2) violating a protective order (§ 273.6, subd. (d)).

On September 25, 2009, Baze entered a plea of no contest to count 1 and the trial court dismissed count 2 on a motion by the People.

Baze was admitted to formal probation on December 18, 2009, for a period of five years upon terms and conditions prescribed by the court. These included, among other terms, the requirements that he serve 90 days in county jail; report to the probation department within one court day; "[o]bey all reasonable oral [and] written directives of

---

[1]Subsequent statutory references are to the Penal Code, unless otherwise stated.

2.

[probation officer]"; submit to drug testing; attend anger management counseling; and not contact or harass the victim of the felony stalking conviction.

Baze's probation was revoked and reinstated three times before the trial court revoked it and did not reinstate. First, on March 10, 2010, the probation department filed a petition for revocation of probation alleging that Baze failed to appear at the county jail for his scheduled turn-in date, failed to report to the probation department, and failed to obey the law, as it was alleged that on March 5, 2010, he committed acts in violation of Vehicle Code section 2800.2 (evading the police) and former Penal Code section 12316, subdivision (b)(1) (possession of ammunition by a person prohibited from possessing a firearm). Baze admitted a violation of probation, and the court imposed and suspended a sentence of four years in state prison for the felony stalking conviction. On May 4, 2010, the court revoked and reinstated probation with all previous terms and conditions to remain in full force and effect.

Second, on July 26, 2010, the probation department filed a second petition for revocation of probation. The petition alleged that, on or about July 21, 2010, Baze possessed and/or used illegal drugs and drug paraphernalia. On August 26, 2010, Baze admitted a violation of probation. The same day, the court revoked and reinstated probation with all previous terms and conditions, plus the conditions that he serve 120 days in jail, report to the probation department upon release from custody, and enroll in and complete an inpatient substance abuse counseling program. The court's order provided, "Defendant waives time credits if the defendant fails to complete the program."

Third, on October 12, 2010, the probation department filed a third petition for revocation of probation. This time it was alleged that Baze violated the condition that he complete an inpatient substance abuse program as he was terminated from the Fresno Rescue Mission inpatient program for voluntarily leaving the program. The same day, Baze admitted a violation of probation, and the trial court revoked and reinstated probation. The previous orders were to remain in full force and effect, except that the

3.

previous order of inpatient substance abuse program was deleted. In addition, Baze was ordered to serve 30 days in jail and comply with all components of the Daily Reporting Program to the satisfaction of the probation officer.

Finally, on May 17, 2011, the probation department filed a fourth petition for revocation of probation alleging that Baze violated the terms and condition of his probation. The petition alleged that Baze: (1) failed to enroll in and complete the Potter's Wheel Inpatient Program after being directed to do so by the probation department; (2) failed to report to the probation department for scheduled appointments on four occasions; (3) moved from his reported residence on or about May 5, 2011, without notifying his probation officer; (4) failed to comply with the Core Day Reporting Program; (5) failed to report to his probation officer on or about May 5, 2011, and his whereabouts were unknown; and (6) tested positive for methamphetamine based on a urine sample provided on January 26, 2011.

On June 13, 2011, the trial court held a contested hearing on the alleged violation of probation. A lab director testified about Baze's positive drug test. Probation officer Abinadi Cortes testified that Baze missed four appointments with the probation department from November 2010 through January 2011. Cortes also directed Baze to go to the Almond Treatment Center for an assessment. Cortes gave Baze a deadline of February 1, 2011, but Baze failed to meet the deadline. On February 16, 2011, Baze asked to be given the opportunity to enroll in an inpatient program because of his inability to remain drug free. Baze missed two more appointments with the probation department in February.

On March 16, 2011, two probation officers picked Baze up at his house and took him to an inpatient program called the Potter's Wheel in Fresno. On April 14, 2011, Cortes gave Baze a written directive to complete six months in the program and to report in person to the probation department within one court day of his completion or termination of the program. On May 6, 2011, Cortes received a faxed letter from the

Potter's Wheel program reporting that Baze had been terminated from the program. On May 9, 2011, Baze called a probation officer and left a message that he wanted to turn himself in. He was arrested at his house on May 13, 2011.

Cortes also testified about the Core Day Reporting Program. As part of the program, Baze was required to participate in group sessions and individual therapy sessions, but he did not participate in either component.

Richard Alvarado, a program director at the Potter's Wheel program, testified that Baze was enrolled in the program from March 16 to May 5, 2011. Baze was terminated from the program because he argued with staff, did not comply with rules, constantly displayed a negative attitude, and did not progress in the program.

Baze did not testify. After hearing the evidence, the trial court found Baze to be in violation of the terms and conditions of probation, "[s]pecifically not to possess or use illegal drugs, report in person to the probation officer within one day of completion or termination from the program, comply with all of the components of the reporting in program, and obey all written and oral directives of the probation officer."

On July 25, 2011, the trial court sentenced Baze. Baze's attorney Zack Curtis told the court that Baze had participated in two programs for which he requested time credit. The matter was trailed to allow the probation department to look into Baze's program participation history. The case was recalled and the following discussion took place:

> "MR. CURTIS: … We just have the time credits issue I was concerned about.

> "THE COURT: All right. And did we resolve that?

> "MR. CURTIS: I, well, what we have there's 29 days in the Rescue Mission for which I believe he waived those credits because he didn't complete the program. But after he was terminated from that he went into another program [Potter's Wheel]. Probation's indicating that he went into it voluntarily. And so as far as Probation's concerned he's not due those credits. Um, I suppose those are 51 days of time creditS. I would ask that the Court give him those other 51 days.

5.

"THE COURT:  Did he successfully complete that program?

"THE DEFENDANT:  No.

"MR. CURTIS:  He did not successfully complete it.  However, he did not waive time credits if he didn't complete it either.  He went in on a referral from Probation.  And so it's my request that the Court give him those credits.

"THE COURT:   All right.  Anything else?

"MR. CURTIS:       No."

The court did not give Baze credit for time spent in the Potter's Wheel program. The court explained, "I don't believe under the law, Mr. Baze, I can give Mr. Baze credit for a program that he did not complete and was not—that was not required as a condition of probation to participate in."  The trial court revoked his probation and executed the previously imposed sentence of four years.  Baze received 466 days for time served and good-time/work-time credit.

## *DISCUSSION*

### I.   *Credit for time spent at inpatient treatment program*

Baze contends that he is entitled to custody credit for the time he spent in the Potter's Wheel program.

Section 2900.5, subdivision (a), provides in part:  "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail, camp, work furlough facility, halfway house, *rehabilitation facility*, hospital, prison, juvenile detention facility, or similar residential institution, all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, … shall be credited upon his or her term of imprisonment .…"  (Italics added.)

Thus, a defendant is entitled to credit "for days spent in custody, either before sentencing or after sentencing as a condition of probation, and this includes custodial time

in a residential treatment facility." (*People v. Thurman* (2005) 125 Cal.App.4th 1453, 1460.) However, a defendant is not entitled to credit for voluntarily participating in a residential treatment program. (*People v. Pottorff* (1996) 47 Cal.App.4th 1709, 1717, fn. 9; see *People v. Tafoya* (1987) 194 Cal.App.3d Supp. 1, 4.) Further, a defendant must be "in custody." (§ 2900.5, subd. (a).) "[W]hether a particular facility should be regarded as sufficiently restrictive as to amount to custody constitutes a factual question .…" (*People v. Ambrose* (1992) 7 Cal.App.4th 1917, 1922.)

In this case, the record shows that on April 14, 2011, Cortes gave Baze a written directive to complete six months in the Potter's Wheel inpatient program. Since Baze was required to obey all reasonable oral and written directives of the probation officer, the directive made participation in the program a condition of probation.

The parties agree that the trial court erred in determining that Baze could not receive credit for the program "he did not complete and was not—that was not required as a condition of probation to participate in." The People do not dispute Baze's position that completion of a residential treatment program is not required in order to earn credit for the days spent in the program. They also agree that Baze's participation in the Potter's Wheel program was a condition of probation from April 14, 2011, onward. The People assert, however, that the matter must be remanded to the trial court to determine whether the Potter's Wheel program was sufficiently restrictive that the time Baze spent in the program as a condition of probation was "in custody" for purposes of section 2900.5.

In *People v. Ambrose*, *supra*, 7 Cal.App.4th at page 1922, the court observed:

> "The question of whether a particular facility should be regarded as sufficiently restrictive as to amount to custody constitutes a factual question [citation], even though certain facilities by their very nature involve some restraint on untrammeled liberty [citation]. Although it is difficult to conceive of a live-in alcohol treatment program that does not include some modification of behavior and supervision, at least regarding the availability of alcohol, this does not necessarily constitute 'custody.'"

"The courts which have considered the question generally focus on such factors as the extent freedom of movement is restricted, regulations governing visitation, rules regarding personal appearance, and the rigidity of the program's daily schedule." (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 326.) "While no hard and fast rule can be derived from the cases, the concept of custody generally connotes a facility rather than a home. It includes some aspect of regulation of behavior. It also includes supervision in a structured life style." (*Id*. at p. 327.)

Here, there is nothing in the record to show the extent to which Baze's freedom of movement was restricted, whether he was allowed visitors, how structured the lifestyle was in the Potter's Wheel program, or any other factors indicating that the program was custodial. We will remand the case for the trial court to determine whether the program in which Baze participated was sufficiently restrictive to constitute being "in custody" pursuant to section 2900.5.

The People also argue that, on remand, the trial court should be limited to determining whether Baze was "in custody" from April 14 through May 5, 2011 (22 days), because the record shows that, on April 14, 2011, Baze was given a written directive to complete six months in the Potter's Wheel program. Baze responds that he may be able to show on remand that he received an oral directive from a probation officer on March 16, 2011, when two probation officers took him to the Potter's Wheel to enroll in the treatment program. If Baze can, in fact, present evidence that he received a directive to remain in the Potter's Wheel program some time before April 14, 2011, we see no reason to prevent him from doing so. On remand, the trial court may determine when participation in the Potter's Wheel program became a condition of Baze's probation.[2]

---

[2]In his reply brief, Baze indicates that he would prefer to be awarded 22 days' time credit from this court rather than have the case remanded with the possibility of being awarded 51 days (for the entire time he spent in the Potter's Wheel program) from the

## II.  *Calculating conduct credit under former section 2933*

Baze also contends that he is entitled to additional conduct credit for time served in county jail from August 25, 2009 to October 5, 2009.  He was awarded conduct credit at the accrual rate provided under former section 4019, the statute governing presentence custody credit that was in effect at the time he was in jail custody.  (Former § 4019, as amended by Stats. 1982, ch. 1234, § 7, pp. 4553-4554; see *People v. Garcia* (2012) 209 Cal.App.4th 530, 534 (*Garcia*).)

Baze argues that he is entitled to the more generous rate of conduct credit accrual provided in former section 2933, which was in effect at the time he was sentenced on July 25, 2011.  (Former § 2933, subd. (e)(1), as amended by Stats. 2010, ch. 426; *Garcia*, *supra*, 209 Cal.App.4th at p. 538.)  After the parties filed their briefs in this case, our Supreme Court resolved this issue against Baze.

In *People v. Brown* (2012) 54 Cal.4th 314, 322, the court rejected the argument that a defendant must be awarded conduct credits under the statute in effect at the time the sentence is imposed.  The court explained, "Credits are determined and added to the abstract of judgment at the time of sentencing, but they are *earned* day by day over the course of a defendant's confinement as a predefined, expected reward for specified good behavior.  Having been earned, credits obtain a kind of permanency, as they may not be lost except for misconduct."  (*Ibid*.)

Here, the court correctly awarded Baze conduct credit for the time Baze spent in county jail in 2009 pursuant to the statute in effect at the time he earned it, not at the time he was sentenced.  Baze is not entitled to any additional conduct credit.

---

trial court.  The record, however, does not allow us to conclude that the treatment program at the Potter's Wheel was custodial for purposes of section 2900.5.

9.

## *DISPOSITION*

The judgment is affirmed, except the matter is remanded for the trial court to determine whether Baze is entitled to custody credit for part or all of the time he spent in the treatment program at the Potter's Wheel.  If an award of additional custody credits is justified, the trial court is ordered to prepare an amended abstract of judgment that includes the additional time credits and to forward a certified copy of the same to the Department of Corrections and Rehabilitation.

_____
Wiseman, Acting P.J.

WE CONCUR:


_____
Cornell, J.


_____
Peña, J.

10.