Filed 9/25/13  P. v. Alvarado CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062347 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD237395) |
| DANIEL ALVARADO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.

Kristine M. Watkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kathryn A. Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

Daniel Alvarado pleaded guilty to grand theft of personal property.[1] (Pen. Code,[2] § 487, subd. (a).) The court found Alvarado had a strike prior conviction for assault with a deadly weapon. (§ 245, subd. (a)(2).)

The court sentenced him to prison for four years, and awarded him 254 days of actual custody credit and 126 days of conduct credit, for a total of 380 days of presentence custody credit.

Alvarado appeals, contending the statutory construction of section 4019 and principles of equal protection entitle him to an additional 128 days conduct credit. We conclude the enhanced conduct credit provision of section 4019 applies only to defendants who committed their crimes on or after October 1, 2011. Further, we conclude section 4019 does not violate principles of equal protection. Accordingly, we affirm the judgment.

---

[1] Alvarado was charged with various crimes that occurred between December 2008 and April 2011. The grand theft of personal property occurred on December 2, 2008, and Alvarado was not in custody until November 8, 2011.

[2] Statutory references are to the Penal Code unless otherwise specified.

I

*STANDARD OF REVIEW*

Alvarado's claim to additional conduct credits involves issues of statutory interpretation and constitutionality--pure questions of law--and we apply a de novo standard of review. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799-801.) Thus, we exercise our independent judgment without deference to the trial court's ruling. (*Ibid.*)

II

*CONDUCT CREDITS*

Alvarado contends he is entitled to increased presentence conduct credits for the time he was in presentence custody after October 1, 2011. He further contends that the second sentence of section 4019, subdivision (h) adds ambiguity to the statute because it fails to explain how to calculate conduct credits for a third group of defendants: those who committed a crime before October 1, 2011, but served presentence custody on or after October 1, 2011. We disagree.

A defendant is entitled to accrue both actual presentence custody credits under section 2900.5 and conduct credits under section 4019 for the period of incarceration before sentencing. Conduct credits may be earned under section 4019 by performing

---

[3]    Because the facts of the underlying offense are not relevant to the issues in this appeal, we omit the traditional statement of facts.

additional labor (§ 4019, subd. (b)) and by an inmate's good behavior. (§ 4019, subd. (c).)

Section 4019 has been amended a number of times. Historically, the statute entitled defendants to "one-for-two conduct credits, which is two days for every four days of actual time served in presentence custody." (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48 (*Rajanayagam*).) Operative October 1, 2011, section 4019 was amended to provide a formula of four days' credit for every two days served. (§ 4019, subd. (f); Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, §§ 35, 46; *Rajanayagam*, *supra*, at p. 49.) Alvarado committed the crime on December 2, 2008, before the effective date of this amendment. However, he was in presentence custody from November 8, 2011 to July 18, 2012, after the effective date of this amendment.

The first sentence of section 4019, subdivision (h) states: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail . . . for a crime committed on or after October 1, 2011."[4] This sentence is clear and straightforward. Because the changes to the statute are prospective and Alvarado committed his crime before October 1, 2011, he is not entitled to conduct credit at the enhanced rate.

---

4     As part of the Realignment Act, the Legislature amended section 4019 to enhance the rate at which defendants could earn presentence conduct credits. (§ 4019, subd. (f), as amended by Stats. 2011, ch. 15, § 482.) The Legislature added subdivision (h) to section 4019 to clarify that the changes to conduct credits apply to offenses committed on or after October 1, 2011.

The second sentence of section 4019, subdivision (h) provides: "Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." Arguably, this sentence implies any days earned by a defendant after October 1, 2011, are to be calculated at the rate required by the current law, without regard for when the offense was committed.

However, reading the second sentence in this manner renders the first sentence meaningless, and ignores the first sentence's express direction that the amendment is to apply prospectively. "A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole." (*Rodriguez v. Superior Court* (1993) 14 Cal.App.4th 1260, 1268.) Alvarado's proffered interpretation would "defy the Legislature's clear intent in subdivision (h)'s first sentence and contradict well settled principles of statutory construction." (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 52.)

This interpretation is not unique. "[S]ubdivision (h)'s first sentence reflects the Legislature intended the enhanced conduct credit provision to apply only to those defendants who committed their crimes on or after October 1, 2011. Subdivision (h)'s second sentence does not extend the enhanced conduct credit provision to any other group, namely those defendants who committed offenses before October 1, 2011, but are in local custody on or after October 1, 2011. Instead, subdivision (h)'s second sentence attempts to clarify that defendants who committed an offense before

5

October 1, 2011, are to earn credit under the prior law. However inartful the language of subdivision (h), we read the second sentence as reaffirming that defendants who committed their crimes before October 1, 2011, still have the opportunity to earn conduct credits, just under prior law." (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 52; see also *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1553 (*Ellis*).) Because Alvarado committed his crime before October 1, 2011, amended section 4019's enhanced conduct credit calculation does not apply. Therefore, the court properly calculated Alvarado's conduct credits under the prior law. (§ 4019, subds. (f), (h).)

III

*EQUAL PROTECTION*

Alvarado next argues that were section 4019 interpreted to apply only to crimes committed on or after October 1, 2011, it would violate equal protection principles. We disagree.

The first inquiry in an equal protection claim is whether the state has adopted a classification that applies different treatment to two or more groups that are similarly situated for purposes of the challenged law. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199.) For purposes of section 4019, there are two classes of incarcerated inmates: (1) those in jail on or after October 1, 2011, having committed a crime on or after October 1, 2011; and (2) those in jail on or after October 1, 2011, having committed the same offense *before* October 1, 2011.

6

In the context of section 4019 credits, courts are split on whether the two classes of incarcerated inmates are similarly situated. Three appellate courts have held the two classes of incarcerated inmates are not similarly situated in that they are not similarly encouraged to alter their behavior because the plain language of section 4019, subdivision (h) makes clear the new credit calculation rate applies only to individuals who committed a crime on or after October 1, 2011. (*Ellis*, *supra*, 207 Cal.App.4th at pp. 1551-1553; *People v. Garcia* (2012) 209 Cal.App.4th 530, 541; *People v. Kennedy* (2012) 209 Cal.App.4th 385, 395-399.) Two other appellate courts have held the current version of section 4019 creates a classification that affects two similarly situated groups in an unequal manner. (See *People v. Verba* (2012) 210 Cal.App.4th 991, 995-996 (*Verba*); *Rajanayagam*, *supra*, 211 Cal.App.4th at p. 53.)

We agree with Alvarado that the two groups of incarcerated inmates are similarly situated and are treated differently with respect to section 4019, subdivision (h). Defendants who committed offenses and earned conduct credit before October 1, 2011, are treated more harshly than those who committed the same crimes and earned conduct credit on or after October 1, 2011. "The two groups are similarly situated in the sense that they committed the same offenses but are treated differently in terms of earning conduct credit based solely on the dates their crimes were committed. For purposes of receiving conduct credit, nothing distinguishes the status of a prisoner whose crime was committed after October 1, 2011, from one whose crime was committed before that date." (*Verba, supra*, 210 Cal.App.4th at pp. 995-996.)

7

Although unequal treatment exists, Alvarado must also show there is no rational basis for applying amended section 4019, subdivision (h) only to those crimes committed on or after October 1, 2011. Assuming the state had adopted a classification that affected two or more similarly situated groups in an unequal manner, the next step would be to determine whether those classifications bear a rational relationship to a legitimate state purpose. The Legislature's stated purpose for passing the Realignment Act was "to reduce recidivism and improve public safety, while at the same time reducing corrections and related criminal justice spending." (*People v. Cruz* (2012) 207 Cal.App.4th 664, 679; § 17.5.) We conclude that the classification regarding conduct credits is rationally related to the Legislature's stated goal of cost savings. The effective date of the Realignment Act was a" legislative determination that its stated goal of reducing corrections costs was best served by granting enhanced conduct credits to those defendants who committed their offenses on or after October 1, 2011." (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 55.) While the same goal could have been met by awarding additional conduct credits to defendants in Alvarado's position, the Legislature is entitled to establish an effective date for statutory amendments and "to discriminate between rights of an earlier and later time." (*Ibid*.)

"Under the very deferential rational relationship test, we will not second-guess the Legislature and conclude its stated purpose is better served by increasing the group of defendants who are entitled to enhanced conduct credits when the

8

Legislature has determined the fiscal crisis is best ameliorated by awarding enhanced conduct credit to only those defendants who committed their offenses on or after October 1, 2011." (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 55.)  We agree with the decisions in *Rajanayagam* and *Ellis, supra,* 207 Cal.App.4th 1546, that the enhanced conduct credits established in amended section 4019, subdivision (h) do not apply to crimes committed before October 1, 2011, and this classification is not a violation of equal protection.  Consequently, Alvarado is not entitled to additional presentence conduct credits.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


McDONALD, J.