Filed 11/14/13  P. v. Sanders CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>RICHARD SANDERS,<br><br>　　　　Defendant and Appellant. | D062588<br><br><br><br>(Super. Ct. No. SCN284313) |


APPEAL from a judgment of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.


Sheila Quinlan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, William M. Wood and Felicity Senoski, Deputy Attorneys General for Plaintiff and Respondent.

## INTRODUCTION

A court found Richard Sanders guilty of commercial burglary (Pen. Code, § 459)[1] and check forgery (§ 470, subd. (d)).  Sanders admitted having a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and the court found true allegations he had three prior prison commitment convictions (§ 667.5, subd. (b)).  The court sentenced him to four years in prison and awarded him 776 days of presentence custody credit, consisting of 518 days of actual custody credit plus 258 days of conduct credit.

Sanders appeals, contending he is entitled to an additional 166 days of conduct credit.  We disagree and affirm the judgment.

## DISCUSSION[2]

Based on amendments to section 4019, which took effect on October 1, 2011, Sanders contends he is entitled to additional presentence conduct credit for the time he served from that date to his sentencing date.  He further contends failure to award him additional presentence conduct credit for this time deprives him of equal protection of the law.

Section 4019, which specifies the rate of presentence conduct credit an inmate in local custody may earn, has undergone numerous revisions in the past several years. (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48-50 (*Rajanayagam*) [detailing the history of recent amendments]; *People v. Garcia* (2012) 209 Cal.App.4th 530, 533-540

---

[1]    Further statutory references are also to the Penal Code unless otherwise stated.

[2]    We omit a summary of the circumstances underlying Sanders's convictions, as they are not relevant to the issue Sanders raised on appeal.

[same].)  At the time of Sanders's offenses, section 4019 allowed an inmate in local custody who had a prior serious or violent felony conviction to earn up to two days of conduct credit for every four days of actual custody.  (Former § 4019, subds. (b)(2), (c)(2), & (f), Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50, eff. Jan. 25, 2010; *People v. Garcia*, *supra*, at pp. 536-537.)

As of October 1, 2011, section 4019 allows an inmate in local custody to earn up to four days of conduct credit for every two days of actual custody.  (Amended § 4019, subds. (b), (c), & (f), Stats. 2011, ch. 15, § 482, eff. Apr. 4, 2011, operative Oct. 1, 2011; Stats. 2011, ch. 39, § 53, eff. June 30, 2011, operative Oct. 1, 2011; Stats. 2011-2012, 1st Ex. Sess., ch. 12, § 35, eff. Sept. 21, 2011, operative Oct. 1, 2011; *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1549-1550.)  Unlike the formula under which the court sentenced Sanders, this formula applies to inmates with prior serious or violent felonies as long as the current offense is not a violent crime or murder.  (§§ 2933.1, subd. (c), 2933.2, subd. (c).)

Of pertinence here, subdivision (h) of amended section 4019 states, "The changes to this section . . . shall apply prospectively and shall apply to prisoners who are confined to a county jail . . . for a crime committed on or after October 1, 2011.  Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."  According to Sanders, the second sentence creates an ambiguity, which we should interpret to allow him to earn additional conduct credits for the local time served after October 1, 2011, even though he committed his crime before then.  However, as the *Rajanayagam* court explained, "subdivision (h)'s first sentence reflects the Legislature

3

intended the enhanced conduct credit provision to apply only to those defendants who committed their crimes on or after October 1, 2011. Subdivision (h)'s second sentence does not extend the enhanced conduct credit provision to any other group, namely those defendants who committed offenses before October 1, 2011, but are in local custody on or after October 1, 2011. Instead, subdivision (h)'s second sentence attempts to clarify that those defendant's who committed an offense before October 1, 2011, are to earn credit under the prior law. However inartful the language of subdivision (h), we read the second sentence as reaffirming that defendants who committed their crimes before October 1, 2011, still have the opportunity to earn conduct credits, just under prior law. [Citation.] To imply the enhanced conduct credit provision applies to defendants who committed their crimes before the effective date but served time in local custody after the effective date reads too much into the statute and ignores the Legislature's clear intent in subdivision (h)'s first sentence." (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 52; see also, *People v. Ellis*, *supra*, 207 Cal.App.4th at p. 1553 ["The second sentence does not extend the enhanced rate to any other group, but merely specifies the rate at which all others are to earn conduct credits"]; *People v. Garcia*, *supra*, 209 Cal.App.4th at p. 541 [the language of amended section 4019 does not entitle a defendant who was sentenced after its effective date but whose crimes occurred prior to its effective date to additional conduct credit].)

This interpretation and its application to Sanders does not deprive him of equal protection of the law because, assuming he is similarly situated to inmates who committed their offenses after the effective date of amended section 4019, the Legislature

4

nonetheless had a rational basis for treating the latter inmates differently. Amended section 4019 was part of larger legislation whose purpose was to " 'to reduce recidivism and improve public safety, while at the same time reducing corrections and related criminal justice spending.' " (*Rajanayagam*, *supra*, 211 Cal.App.4th at p. 55.) "[I]n choosing October 1, 2011, as the effective date of [amended section 4019], the Legislature took a measured approach and balanced the goal of cost savings against public safety. The effective date was a legislative determination that its stated goal of reducing corrections costs was best served by granting enhanced conduct credits to those defendants who committed their offenses on or after October 1, 2011. To be sure, awarding enhanced conduct credits to everyone in local confinement would have certainly resulted in greater cost savings than awarding enhanced conduct credits to only those defendants who commit an offense on or after the amendment's effective date. But that is not the approach the Legislature chose in balancing public safety against cost savings. [Citation.] Under the very deferential rational relationship test, we will not second-guess the Legislature and conclude its stated purpose is better served by increasing the group of defendants who are entitled to enhanced conduct credits when the Legislature has determined the fiscal crisis is best ameliorated by awarding enhanced conduct credit to only those defendants who committed their offenses on or after October 1, 2011." (*Rajanayagam*, at pp. 55-56.)

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

NARES, J.

AARON, J.