Filed 11/21/13  P. v. Delcarlo CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>    v.<br><br>JAMES DELCARLO,<br><br>       Defendant and Appellant. | C071747<br><br>(Super. Ct. No. F4595) |

In March 2009 defendant James Delcarlo was observed hunting in a prohibited area.  In June 2011 he pleaded no contest to possession of a firearm by a convicted felon. (Pen. Code, § 12021, subd. (a)(1).)[1]  Two related counts were dismissed in light of the plea.  Defendant was sentenced to prison for three years.  Execution of sentence was suspended and defendant was placed on probation for three years on the conditions, among others, that he serve a period of incarceration and report monthly to the probation department.

_____

[1] Further statutory references are to the Penal Code unless otherwise indicated.

1

In March 2012 the probation officer filed a petition alleging defendant violated his probation by failing to report to jail for incarceration and by failing to report monthly to the probation department. Defendant admitted the violations. The trial court ordered execution of the prison sentence and awarded defendant 60 days' custody credit and 30 days' conduct credit.

Defendant appealed to this court. In October 2012 his appellate counsel sent a letter to the trial court requesting an additional 30 days' conduct credit. The trial court issued a minute order denying the request.

On appeal, defendant contends principles of equal protection entitle him to the additional conduct credit. The Attorney General agrees that defendant is entitled to the credit, albeit based upon principles of statutory construction rather than of equal protection. We modify the judgment.

## FACTS

The facts of defendant's offense are not at issue and need not be set forth in this opinion.

Defendant was in presentence custody for 60 days: on November 7, 2011; from December 7 through December 12, 2011; and from April 17 through sentencing on June 8, 2012.

## DISCUSSION

Defendant contends he is entitled to an additional 30 days' conduct credit pursuant to the January 25, 2010, version of section 4019. The Attorney General concedes that this is so. We accept the Attorney General's concession.

"Since 1976, Penal Code section 4019 has offered prisoners in local custody the opportunity to earn 'conduct credit' against their sentences for good behavior." (*People v. Brown* (2012) 54 Cal.4th 314, 317, fn. omitted (*Brown*).) "Before January 25, 2010, conduct credits under Penal Code section 4019 could be accrued at the rate of two days for every four days of actual time served in presentence custody." (*People v.*

2

*Kennedy* (2012) 209 Cal.App.4th 385, 395 (*Kennedy*); see Stats. 1982, ch. 1234, § 7, p. 4554 [former § 4019, subd. (f)].)  Effective January 25, 2010, section 4019 was amended to allow eligible prisoners to accrue custody credits at the rate of two days for every two days actually served.  (*Kennedy*, *supra*, at p. 395; Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, §§ 50, 62 [former § 4019, subds. (b) & (c)].)  The January 25, 2010, amendment operated prospectively, applying to presentence custody served on or after the operative date.  (*Brown*, *supra*, at p. 318.)

Eight months later, the Legislature again altered the rate at which conduct credit was earned.  Effective September 28, 2010, the less favorable two-for-four credit rate was restored for prisoners who committed crimes on or after that date.  (*Kennedy*, *supra*, 209 Cal.App.4th at p. 395; Stats. 2010, ch. 426, § 2 [former § 4019, subds. (b), (c) & (g).)  But under a simultaneous amendment to section 2933, certain eligible prisoners who received executed prison sentences could earn one day of conduct credit for each day of local custody.  (Stats. 2010, ch. 426, § 1 [former § 2933, subd. (e); see *People v. Garcia* (2012) 209 Cal.App.4th 530, 538 (*Garcia*).)

Thereafter, section 4019 again was amended, reinstituting one-for-one conduct credits for all prisoners who committed their crimes on or after October 1, 2011.  (§ 4019, subds. (b), (c) & (h); *Kennedy*, *supra*, 209 Cal.App.4th at pp. 395-396.)

Defendant's offense was committed in March 2009.  This fact makes the two most recent amendments to section 4019 inapplicable.  (See *Brown*, *supra*, 54 Cal.4th at p. 322, fn. 11.)  Both amendments expressly provided for prospective operation based on offense date.  (*Garcia*, *supra*, 209 Cal.App.4th at pp. 538, 540.)  Because defendant's crime was committed prior to these amendments, he is not entitled to credit under either statutory scheme.  Moreover, the September 28, 2010, amendment to section 2933 applied to prisoners who were sentenced to *executed* state prison sentences.  (*Garcia*, *supra*, at p. 538.)  Because defendant earned all of his conduct credit before execution of

3

his sentence was ordered, the September 28, 2010, amendment to section 2933 does not appear to entitle him to additional credit.

By contrast, the January 25, 2010, amendment to section 4019 does not indicate that the date of the prisoner's offense is relevant to the applicability of its conduct credit scheme. Instead, the crucial factor is when the local custody time was served. (*Brown*, *supra*, 54 Cal.4th at p. 322 [noting that prisoners whose local custody overlapped the January 25, 2010, operative date earn credit at *two different rates*].)

Following *Brown*, the two-for-two conduct credit scheme of former section 4019 is properly applied to any custody time served on or after January 25, 2010, for offenses committed prior to the effective dates of the subsequent amendments.

In this case, defendant's offense was committed prior to the two most recent amendments to section 4019, and his presentence custody was served between November 7, 2011, and June 8, 2012. We thus agree with the Attorney General that defendant is entitled to 60 days' conduct credit as a matter of statutory construction. Having so concluded, we have no occasion to consider defendant's argument that principles of equal protection entitle him to the same credit. We shall modify the judgment to award defendant 60 days' conduct credit.

### DISPOSITION

The judgment is modified to award defendant 60 days' presentence conduct credit. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.

                               RAYE        , P. J.

We concur:

       HULL        , J.

       HOCH       , J.