Filed 5/17/13  P. v. Johnson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HAROLD ERNEST JOHNSON,<br><br>Defendant and Appellant. | D061792<br><br><br><br>(Super. Ct. Nos. SCD227468<br>& SCD235413) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed, and remanded with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Julie L. Garland, Assistant Attorneys General, Steve Oetting, Laura A. Glennon, Deputy Attorneys General for the Plaintiff and Respondent.

The San Diego County District Attorney filed two indictments against Harold Ernest Johnson (Super. Ct. San Diego County, 2012, Nos. SCD227468 & SCD 235413), each charging him with selling cocaine base, and possession/purchase of cocaine base for sale (Health & Saf. Code, § 11352, subd. (a); count 1) and selling/furnishing a controlled narcotic substance (Health & Saf. Code, § 11351.5; count 2.)  The People also alleged in each indictment, as an enhancement to count 1, that he sold cocaine base (Pen. Code,[1] § 123.073, subd. (b)(7)), and he had suffered several previous convictions for drug-related offenses.  Johnson pleaded guilty to all counts in both indictments.

The court sentenced Johnson to eight years four months in prison, imposed a $240 restitution fine (§ 1202.4, subd. (b)) and stayed the $240 parole revocation fine (§ 1202.45).  The court awarded Johnson custody credits of 205 actual days and 102 conduct credits under section 4019.

On appeal, Johnson contends (1) the trial court violated the ex post facto clauses of the state and federal Constitutions in imposing the $240 restitution fine and the $240 parole revocation fine; (2) he is entitled to additional conduct credits under an amendment to section 4019 and constitutional guarantees of equal protection; and (3) the case should be remanded for clarification of his initial confinement date.  We affirm the judgment, but remand for the limited purpose of clarifying Johnson's initial confinement date and determining custody credits.

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

BACKGROUND

We omit a detailed recitation of the facts because this appeal involves only sentencing issues. It suffices to say that, on May 5 and May 6, 2011, Johnson possessed and sold cocaine base to an undercover officer.

DISCUSSION

I.

Johnson contends the court violated the ex post facto provisions of the state and federal Constitutions when it imposed both the restitution and parole revocation fines in the amount of $240 each instead of $200 each, which was the prescribed minimum under section 1202.4, subdivision (b) at the time he committed the offenses.

Johnson forfeited his claim by failing to challenge imposition of the fines at trial. (*People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Gamache* (2010) 48 Cal.4th 347, 409.) During the pendency of this appeal, the California Supreme Court ruled in an analogous case, whose logic applies equally here, that "a defendant who does nothing to put at issue the propriety of imposition of a booking fee forfeits the right to challenge the sufficiency of the evidence to support imposition of the booking fee on appeal, in the same way that a defendant who goes to trial forfeits his challenge to the propriety of venue by not timely challenging it." (*People v. McCullough* (Cal. April 22, 2013, No. S192513) 2013 Cal. LEXIS 3330.)

To avoid an ineffective assistance of counsel challenge, we nevertheless address the claim on the merits, and conclude it fails. When Johnson committed the offenses in May 2011, the minimum restitution fine was $200, and the maximum was $10,000 under

section 1202.4, subdivision (b). This statute was amended effective January 1, 2012, increasing the minimum fine to $240. We conclude the sentencing court did not violate the constitutional prohibitions against ex post facto laws because the $240 fine it imposed is well within the statutory range in effect at the time the crimes were committed.

## II.

Johnson contends that under the most recent amendment to section 4019, he was entitled to receive additional conduct credits in an amount equal to his actual credit ("day for day credit"), despite the fact that his crimes were committed before the amendment's effective date: October 1, 2011. He argues constitutional principles of equal protection apply for two reasons: "(1) defendants serving time in prison after October 1, 2011, receive day for day custody credits; and (2) defendants who committed crimes after October 1, 2011, receive day for day credits for time spent in county jail and [he] is similarly situated to those individuals for purpose of awarding custody credits." We disagree.

"Pursuant to the October 1, 2011, amendment . . . subdivision (h) of section 4019 presently states: 'The changes to this section . . . shall apply prospectively and shall apply to prisoners who are confined to a county jail . . . for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law.' " (*People v. Ellis* (2012) 207 Cal.App.4th 1546, 1549-1550 (*Ellis*).) Since the Legislature has expressly stated that this latest amendment applies prospectively only, "the October 1, 2011, amendment does not apply retroactively as a matter of statutory construction." (*Ellis,* at p. 1550.)

4

"The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally." (*People v. Brown* (2012) 54 Cal.4th 314, 328 (*Brown*) [addressing the amendment to section 4019 that became operative on January 25, 2010].)  To succeed on a claim under the equal protection clause, Johnson must first show the state has adopted a classification that affects two or more similarly situated groups in an unequal manner.  (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199.)  For purposes of section 4019 there are two classes of incarcerated inmates:  (1) those in jail on or after October 1, 2011, having committed a crime on or after October 1, 2011; and (2) those in jail on or after October 1, 2011, having committed the same offense before October 1, 2011.

In *Brown*, the California Supreme Court held that under general rules of statutory construction, a prior amendment to section 4019 must be read prospectively only, even though the Legislature did not expressly so state, and even though this meant that "prisoners whose custody overlapped the statute's operative date . . . earned credit at two different rates." (*Brown, supra,* 54 Cal.4th at p. 322.)  The court reasoned that "the important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response.  That prisoners who served time before and after former section 4019 took effect are not similarly situated necessarily follows." (*Brown,* at pp. 328-329; see *People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9.)

5

Three appellate courts, relying on *Brown'*s reasoning, have rejected the equal protection argument Johnson raises as to the October 1, 2011, amendment to section 4019. (*Ellis, supra,* 207 Cal.App.4th at pp. 1551-1553; *People v. Garcia* (2012) 209 Cal.App.4th 530, 541; *People v. Kennedy* (2012) 209 Cal.App.4th 385, 395–399.) We agree with these cases. Johnson recognizes we are bound by *Brown* under the authority of *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455, but he raises this claim to "preserve his right to request the Supreme Court to reconsider [*Brown*] and to pursue any federal remedies available to him." We conclude equal protection principles do not require us to apply the current version of section 4019 to Johnson and he is not entitled to additional presentence conduct credits.

Finally, California courts have consistently rejected the argument that the difference in the potential award of conduct credits to pretrial detainees and prison inmates violates equal protection. (See *In re Martinez* (2003) 30 Cal.4th 29, 36; *People v. Buckhalter* (2001) 26 Cal.4th 20, 36-37; *People v. Heard* (1993) 18 Cal.App.4th 1025, 1030; *People v. Johnson* (2004) 32 Cal.4th 260, 268.) "A pretrial detainee is not similarly situated to a state prison inmate." (*In re Martinez,* at p. 36.) As the California Supreme Court has explained, the "pre- and postsentence credit systems serve disparate goals and target persons who are not similarly situated. The presentence credit scheme, section 4019, focuses primarily on encouraging minimal cooperation and good behavior by persons temporarily detained in local custody before they are convicted, sentenced, and committed on felony charges. By contrast, the worktime credit scheme for persons serving prison terms emphasizes penological considerations, including the extent to

6

which certain classes of prisoners, but not others, deserve or might benefit from incentives to shorten their terms through participation in rehabilitative work, education, and training programs operated by the Department of Corrections." (*Buckhalter*, at pp. 36-37; *In re Martinez,* at p. 35.) To survive an equal protection challenge of the nature presented here, a classification need only bear a rational relationship to a legitimate state purpose. Where there are plausible reasons for a classification, our inquiry is at an end. (*People v. Hofsheier*, *supra*, 37 Cal.4th at pp. 1200-1201; *People v. Jeha* (2010) 187 Cal.App.4th 1063, 1074.) Such is the case here.

III.

The People concede and we agree the record is unclear as to which date Johnson was arrested, and thus when he began accruing custody credits. A February 10, 2012 probation report states Johnson was confined on June 16, 2011. However, an August 31, 2012 supplemental probation report states his confinement started on July 28, 2011. We remand for the trial court to verify and correct this discrepancy and calculate the custody credits.

## DISPOSITION

The judgment is affirmed.  The matter is remanded for the trial court to verify Johnson's initial confinement date and calculate custody credits accordingly, amend the abstract of judgment to reflect the calculation, and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


O'ROURKE, J.

WE CONCUR:


HALLER, Acting P. J.


McDONALD, J.

8