Filed 9/15/14  P. v. Ortiz CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B249226 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA401225) |
| v. | |
| GERARDO ORTIZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David V. Herriford, Judge.  Affirmed as modified.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Defendant Gerardo Ortiz appeals from the judgment entered following his conviction by a jury of willfully inflicting corporal injury on a former cohabitant within the meaning of Penal Code section 273.5, subdivision (a).[1] On appeal, Ortiz contends the trial court abused its discretion in denying his motion to dismiss his prior strike conviction pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Monique Pinto was Ortiz's former girlfriend and the mother of their three-year-old daughter. On the afternoon of August 3, 2012 Pinto encountered Ortiz when she was walking home. The two of them got into an argument, which escalated into a physical altercation resulting in cuts and bruises to Pinto's face, knee, and ribs. Pinto told police that Ortiz had caused the injuries by repeatedly hitting her with a handgun. She also reported that Ortiz had threatened to kill her before beating her with the gun.[2]

The People charged Ortiz in an amended information with willfully inflicting corporal injury on Pinto, a former cohabitant (§ 273.5, subd. (a)), making a criminal threat (§ 422, subd. (a)), and assault with a firearm (§ 245, subd. (a)(2)). The information specially alleged that Ortiz had used a handgun to commit the offenses (§ 12022.5, subd. (a)) and had suffered one prior serious or violent felony conviction within the meaning of section 667, subdivision (a)(1), and the three strikes law (§§ 667, subds. (b)-(i), 1170.12).

---

[1] Undesignated statutory references are to the Penal Code.

[2] Pinto gave conflicting accounts of the altercation in her police interview, in her preliminary hearing testimony, and in her trial testimony.

A jury convicted Ortiz of willfully inflicting corporal injury on a former cohabitant and of simple assault as a lesser included offense of assault with a firearm, and acquitted him of making a criminal threat. The jury found not true the firearm-use allegation. In a bifurcated proceeding, the trial court found true the prior conviction allegations.

Prior to sentencing, counsel for Ortiz moved pursuant to *Romero* to dismiss Ortiz's prior strike conviction in 1996 for willfully inflicting corporal injury on a cohabitant (not Pinto) and causing great bodily injury (§§ 273.5, 12022.7). Counsel for Ortiz argued that the 1996 strike conviction was remote, Ortiz's only convictions in the ensuing 16 years were for misdemeanor offenses, and Pinto's injuries were minor. The prosecutor argued in response that Ortiz was on misdemeanor probation at the time of the current offense and that his criminal record reflected a history of violence, particularly against women.

The probation officer's report, which the trial court read and considered, stated that Ortiz was 35 years old at the time of the current offense. His criminal activities began in 1993 with a juvenile adjudication for receiving stolen property. As an adult, apart from his 1996 strike conviction, Ortiz was convicted of the following misdemeanor offenses: vandalism in 1996, driving on a suspended license in 2000, making a criminal threat in 2001, possession of a controlled substance in 2007, giving false identification to a police officer and driving without a valid license in 2005 and in 2006, driving on a suspended license in 2008, disturbing the peace in 2008, driving under the influence in 2011, and domestic violence involving Pinto in 2011. Ortiz also had a number of probation violations and was a documented gang member.

In denying the *Romero* motion, the trial court considered counsel for Ortiz's arguments in the context of Ortiz's entire criminal history. The court observed that, although the 1996 strike conviction was relatively remote, Ortiz had engaged in a pattern of criminal conduct since 1996, including violent offenses against women, and he had performed poorly on probation. The court then sentenced Ortiz to an aggregate state prison term of eight years consisting of the middle term of four years for violating

3

section 273.5, subdivision (a), doubled under the three strikes law. The court stayed a six-month term for simple assault pursuant to section 654.

## DISCUSSION

Section 1385, subdivision (a), gives the court discretion to dismiss a prior conviction, including a qualifying strike conviction, "in furtherance of justice." (*People v. Superior Court* (*Romero*), *supra*, 13 Cal.4th at p. 530; see *People v. Clancey* (2013) 56 Cal.4th 562, 582 [three strikes law does "not restrict the power of a trial court acting on its own motion to dismiss a prior felony conviction allegation in the furtherance of justice"]; *In re Large* (2007) 41 Cal.4th 538, 543 ["trial courts in cases charged under the Three Strikes law may, in the exercise of their sound discretion, dismiss prior felony conviction allegations in furtherance of justice under section 1385, subdivision (a)"].) "[T]he sentence that is actually imposed under the Three Strikes law is frequently dependent upon the trial court's exercise of discretion in determining whether, in furtherance of justice, to strike any of the serious or violent prior convictions that have been charged by the prosecutor and, if so, how many prior convictions to strike." (*In re Coley* (2012) 55 Cal.4th 524, 559-560.) "[W]hen facing a motion to dismiss a strike allegation, the trial court 'must consider whether, in light of *the nature and circumstances* of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of [the defendant's] background, character, and prospects, *the defendant may be deemed outside the scheme's spirit*, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.'" (*People v. Vargas* (2014) 59 Cal.4th 635, 641, quoting *People v. Williams* (1998) 17 Cal.4th 148, 161.)

"[A] trial court's refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) "'[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and

4

requires the court to explicitly justify its decision to do so.  In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper.' [Citation.]" (*In re Large*, *supra*, 41 Cal.4th at pp. 550-551.)  "'[I]t is not enough to show that reasonable people might disagree about whether to strike one or more' prior conviction allegations.  [Citation.]" (*Carmony*, *supra*, at p. 378.)  "'[B]ecause the circumstances must be "extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack" [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary.' [Citation.]" (*People v. Vargas*, *supra*, 59 Cal.4th at p. 641.)

Ortiz argues that the trial court abused its discretion in denying his *Romero* motion because of the remoteness of the 1996 strike conviction, the nonviolent nature of his misdemeanor criminal history, and the evidence Pinto had initiated the physical contact and had suffered only minor injuries in the altercation.  The court examined Ortiz's 1996 strike conviction along with his criminal history and the nature and circumstances of his current offense.  The court noted that while Ortiz's prior strike conviction was relatively remote and that his criminal history consisted of misdemeanor offenses, the record nevertheless established Ortiz was a recidivist offender with a history of violence against women, had violated probation, and had poor prospects for the future.  Under these circumstances, the trial court did not abuse its discretion in denying Ortiz's motion to dismiss his prior strike conviction, even though the conviction was 16 years old.  (See *People v. Williams, supra,* 17 Cal.4th at pp. 162-164 [trial court abused its discretion by striking 13-year-old prior strike where there was little or nothing favorable in the defendant's background, record, character, or prospects]; *People v. Pearson* (2008) 165 Cal.App.4th 740, 749 ["argument that [prior] convictions are remote in time is without merit where, as here, the defendant has led a continuous life of crime"]; *People v. Strong* (2001) 87 Cal.App.4th 328, 338 ["the overwhelming majority of California appellate

courts have reversed the dismissal of, or affirmed the refusal to dismiss, a strike of those defendants with a long and continuous criminal career"]; *People v. Gaston* (1999) 74 Cal.App.4th 310, 320 [trial court abused its discretion in striking 17-year-old prior strike in light of the defendant's "unrelenting record of recidivism, even while on parole or probation from previous felony convictions"]; *People v. Barrera* (1999) 70 Cal.App.4th 541, 554 [trial court did not abuse its discretion in refusing to strike 14-year-old prior strike where "trial court here fully considered [the defendant's] background, the nature of his current offense, and the individualized considerations of his long-standing drug addiction and the pattern and nature of his criminal history"].)

Ortiz also cites an evidentiary ruling during the trial to support his argument that the trial court abused its discretion in denying his *Romero* motion after trial. The trial court ruled that Ortiz's 1996 conviction was inadmissible under Evidence Code sections 352 and 1109, subdivision (a)(1), because the conviction was "extremely remote in time" and its admission "would be highly prejudicial." On appeal Ortiz argues that the "trial court's comments during the hearing on the admissibility of the 1996 incident as [Evidence Code] section 1109 evidence showed it considered the strike to be so remote as to be highly prejudicial," and that "there can be nothing more prejudicial than the trial court's subsequent use of that 'extremely remote' strike prior to double [Ortiz's] prison sentence."

The standards for the admissibility of a prior conviction under Evidence Code sections 352 and 1109 and for striking a prior strike conviction under *Romero* for purposes of sentencing, however, are markedly different. Under Evidence Code section 352, the court considers whether the probative value of the evidence is substantially outweighed by either an undue consumption or time or a substantial danger of undue prejudice, confusion of the issue, or misleading the jury. Under *Romero* the court considers the circumstances of the defendant's prior convictions, the defendant's "background, character, and prospects," and whether the defendant is outside the spirit of the three strikes law. (*People v. Vargas*, *supra*, 59 Cal.4th at p. 641.) The concerns about consumption of time, undue prejudice, confusing the issues, and misleading the

6

jury, do not arise, or at least do not arise in the same way. Moreover, as the People correctly argue, the applicable presumptions are different. Under Evidence Code section 1109, subdivision (e), evidence of prior incidents of domestic violence that, like Ortiz's, occurred "more than 10 years before the charged offense is inadmissible . . . unless the court determines that the admission of this evidence is in the interests of justice." (See *People v. Johnson* (2010) 185 Cal.App.4th 520, 537, 539 ["while evidence of past domestic violence is presumptively admissible under [Evidence Code section 1109,] subdivision (a)(1)," "[s]ubdivision (e) establishes a presumption that conduct more than 10 years prior to the current offense is inadmissible"].) Under *Romero*, the "'strong presumption'" is that the court should consider the prior strike conviction and sentence the defendant within the three strike "'sentencing norm,'" unless it is in the furtherance of justice not to do so. (*In re Large*, *supra*, 41 Cal.4th at p. 550; see *People v. Carmony*, *supra*, 33 Cal.4th at p. 378.)

Finally, although Ortiz does not raise the issue, we note that he is entitled to an additional 18 days of presentence conduct credit. Ortiz was sentenced under the three strikes law, but because Ortiz's conviction was not for a violent felony listed in section 667.5, his presentence custody credits are not limited under section 2933.1. (*People v. Philpot* (2004) 122 Cal.App.4th 893, 908; accord, *People v. Thomas* (1999) 21 Cal.4th 1122, 1130.) Under section 4019, subdivision (f), "a term of four days will be deemed to have been served for every two days spent in actual custody." (See *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 49, 53 [under section 4019, for crimes committed on or after October 1, 2011, prisoners earn "conduct credit . . . at the rate of two days for every two days spent in local presentence custody," so that "'if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody'"]; accord, *People v. Garcia* (2012) 209 Cal.App.4th 530, 540.) Ortiz spent 22 days in custody. Therefore, Ortiz was entitled to 22 days of conduct credit. The trial court gave him only four days. He is entitled to an additional 18 days of conduct credit, for a total of 44 days of presentence custody credit. We modify the judgment accordingly.

## DISPOSITION

The judgment is modified to provide 18 days of conduct credit, for a total of 44 days of presentence custody credit. The judgment is affirmed as modified. The trial court is directed to prepare a modified abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.

SEGAL, J.*

We concur:

PERLUSS, P. J.

ZELON, J.

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8