Filed 11/5/25  P. v. Brent CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100962 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 10F04146, 12F04729) |
| v. | |
| JASON DREW BRENT, | |
| Defendant and Appellant. | |

In 2012, defendant Jason Drew Brent pleaded no contest to negligent discharge of a firearm and, in a separate case, to assault by means of force likely to produce great bodily injury.  Defendant was sentenced to 21 years in prison, including 15 years for three five-year prior serious felony conviction enhancements (Pen. Code, § 667, subd. (a)),[1] and one year for a prior prison term enhancement (former § 667.5, subd. (b)).

---

[1]  Further undesignated statutory references are to the Penal Code.

Defendant appeals from an April 2024 order after resentencing pursuant to section 1172.75.  He contends:  (1)  the trial court abused its discretion when it declined to dismiss any of the five-year prior serious felony conviction enhancements; (2)  the court awarded the incorrect number of presentence conduct credits; and (3)  the abstract of judgment must be corrected to reflect that the court orally waived all fines and fees at resentencing.

We conclude the trial court did not abuse its discretion when it declined to dismiss the prior serious felony conviction enhancements, and that defendant has failed to demonstrate that the court erred in awarding presentence conduct credits.  We agree with defendant regarding the fines and fees.  Accordingly, we will affirm the judgment and direct the trial court to prepare a corrected abstract of judgment.

## FACTS AND PROCEEDINGS

On June 25, 2012, defendant pleaded no contest in case No. 10F04146 to the charge of grossly negligent discharge of a firearm that could result in injury or death (§ 246.3; count two), and admitted to personally using a firearm in the commission of the offense (§ 1192.7, subd. (c)(8)).  Defendant also admitted the allegations that he had previously been convicted of a strike (§§ 667, subds. (b)-(i), 1170.12), had served a prior prison term (former § 667.5, subd. (b)), and had previously been convicted of two serious felonies (§§ 1192.7, subd. (c), 667, subd. (a)).

The parties stipulated to the factual basis for the plea:  "On June 26th, 2010, the defendant in this county got into an argument with residents over at 6040 North Crest Circle.  He was seen going to his car and popping the trunk and retrieving a handgun and firing that handgun several times in a negligent manner.  There were children outside playing, and at least one car was hit by one of his bullets.  [¶]  Prior to that date, on May 28th, 2009, the defendant was convicted of a . . . violation of [§] 422 [criminal threats] . . . as alleged in prior conviction one, and prior to that date, on February 16th, 2001, the

2

defendant was convicted of a [§] 246 violation [shooting at inhabited dwelling/vehicle] as alleged in prior conviction two."

On October 5, 2012, defendant pleaded no contest in case No. 12F04729 to the charge of willfully and unlawfully using force and violence resulting in the infliction of serious bodily injury. (§ 243, subd. (d); count two.) The factual basis for the plea does not appear in the record, but the record includes a decision by the Board of Parole Hearings, which asserted that on July 9, 2012, while housed in county jail, defendant punched another inmate. Defendant also admitted that he was previously convicted of a serious felony (§ 667, subd. (a)), specifically, negligent discharge of a firearm.

Following defendant's change of plea in case No. 12F04729, the trial court sentenced defendant in both cases No. 10F04146 and No. 12F04729. The court sentenced defendant to an aggregate term of 21 years in prison as follows: the midterm of two years, doubled to four years due to the prior strike, for negligent discharge of a firearm; the midterm of three years for battery inflicting great bodily injury, with execution stayed as to two of the three years; 15 years for three five-year prior serious felony conviction enhancements (§ 667, subd. (a))[2]; and one year for a prior prison term enhancement (former § 667.5, subd. (b)).

The minute order from the sentencing hearing in case No. 10F04146 reflects that the court awarded defendant 1,109 total presentence credits, including 832 actual days and 277 conduct credits. The oral pronouncement of judgment is not in the record on appeal, and the minute order did not reflect the statutory basis for the court's award of

---

[2] Defendant admitted two such serious felony enhancements in case No. 10F04146, and he admitted one in case No. 12F04729.

conduct credits. However, the abstract of judgment reflected that the court awarded defendant 124 conduct credits pursuant to section 2933.1.[3]

On June 28, 2023, the trial court informed the parties that defendant may be eligible for resentencing pursuant to section 1172.75, which invalidated prior prison term enhancements imposed earlier than 2020 under former section 667.5, subdivision (b). The court appointed the public defender to represent defendant and ordered briefing on whether defendant was eligible for resentencing under section 1172.75, and whether any other changes to his sentence were appropriate.

On April 19, 2024, at a resentencing hearing, the trial court struck defendant's one-year prior prison term enhancement, but denied defendant's request for further relief, including his request to dismiss the three five-year prior serious felony conviction enhancements.[4] The court resentenced defendant to 20 years in prison.

Defendant timely filed a notice of appeal.[5] The case was fully briefed in August 2025 and was assigned to the current panel the following month.

---

[3] Section 2933.1 provides that where the defendant is convicted of a violent felony, presentence conduct credits may not exceed 15 percent of the actual days served in presentence custody.

[4] At different times, defendant requested that the court stay, dismiss, and strike the enhancements. The distinction between those requested forms of relief is immaterial to the issues on appeal, and we will refer to defendant's request as requesting that the court dismiss the enhancements for consistency and clarity.

[5] We granted defendant's motion to construe his notice of appeal to include both cases Nos. 10F04146 and. 12F04729.

## DISCUSSION

### I

### *Prior Serious Felony Conviction Enhancements*

Defendant contends the trial court abused its discretion when it declined to dismiss any of the three five-year prior serious felony conviction enhancements.

A. *Additional Background*

Defendant's sentencing memorandum requested that the trial court dismiss his prior strike, dismiss the three five-year prior serious felony conviction enhancements, dismiss the one-year prior prison term enhancement, and resentence him to a term of three years in prison. He argued that imposing a lesser sentence would not endanger public safety because he was less likely to reoffend due to his age (43 years old), he had been in custody for 11 years, he had been participating in rehabilitative programming, and his personality and behavior had changed. He also argued there were factors in mitigation, including childhood trauma and mental health issues.

The prosecutor responded that the trial court should not dismiss the prior serious felony conviction enhancements because imposing a lesser sentence would endanger public safety. The prosecutor noted that dismissing the enhancements could advance defendant's parole hearing and result in his imminent release, his conduct in the current commitment offense involved violence and the use of a firearm, he had previously committed other violent acts, and he was a validated gang member. The prosecutor requested that the court resentence defendant to 20 years in prison by dismissing the now-invalid one-year prior prison term enhancement and otherwise imposing the original sentence.

At the resentencing hearing, defense counsel requested that the trial court dismiss the three five-year enhancements, but noted that dismissing two of the enhancements would result in defendant being released for time served. Counsel acknowledged that defendant had only recently begun participating in programming while incarcerated, but

5

argued that he had had a difficult childhood and suffered from mental health issues. Counsel added that defendant's daughter died in 2020, which had profoundly affected defendant and inspired him to change his behavior and begin participating in programming.

The trial court clarified with the prosecutor that defendant's plea offer was made "in an attempt for [defendant] to avoid a three strike sentence." The prosecutor clarified that the jury had been unable to reach a verdict in defendant's trial, and the prosecution thereafter decided to settle the case. The prosecutor added that the sentence agreed to by the parties was subsequently increased after defendant committed the battery offense while in custody awaiting sentencing for the firearm offense. The court indicated that the prosecution might be entitled to withdraw from the plea agreement if defendant were resentenced, but the prosecutor confirmed he had no intention of doing so.[6]

The trial court dismissed defendant's now-invalid one-year prior prison term enhancement, but declined to dismiss the prior serious felony enhancements or the strike. It explained: "Here's where I'm at. The thing is that [defendant] has taken positive steps, that's for sure, and he should be commended for that, absolutely. [¶] But the issue I'm also seeing is, since he's been incarcerated, had he been completely issue-free, a much easier decision for me.

"2016, failure to meet program or work expectations. I don't give that much credence. I, myself, am probably guilty of failure to meet program and work expectations. Distribution of a controlled substance in 2016, it is a little bit more problematic. Threatening staff, 2016. 2017, fighting. If you're in prison, you're going to

---

[6] Defendant contends on appeal that the trial court erred by implicitly suggesting that his plea agreement could be withdrawn if the enhancements were dismissed. As we will explain *post*, whether the court's belief about the prosecution's ability to withdraw from the plea agreement was incorrect is irrelevant because the court's belief did not affect its decision to not dismiss the prior serious felony conviction enhancements.

fight. So it doesn't say he is the aggressor, but he is fighting. 2017, fighting. 2017, possession of alcohol. 2018, possession of alcohol. 2019, possession of alcohol. 2019, failure to meet work expectations. 2021, fighting. 2021, battery on a prisoner. 2022, failure to meet work expectations. And then 2022, disrespect without potential for violence -- I imagine that's staff.

"So I don't give that much weight, the failure to meet work program expectations. That only hurts him, I imagine, with credits. But there does appear to be at least a hint of continued violence, which is much like what he is incarcerated for, which was a beatdown in prison or in jail. [¶] If he had been completely crime-free with this rehabilitation or more rehabilitation, I think this would be an easier decision for me. [¶] So, with that in mind, the Court still finds that the bargain on which [defendant] struck was a good bargain for him because this just as easily would be a life sentence. The Court finds clear and convincing evidence that he still poses -- or a lesser sentence would impose -- or endanger the public safety. [¶] So, for those reasons, the Court will dismiss the [section] 667.5(b) [one-year prior prison term enhancement], but the other sentence will remain in effect."

B. *Legal Background*

Effective January 1, 2022, section 1172.75 generally invalidates sentence enhancements imposed under former section 667.5, subdivision (b) with some exceptions not relevant here. When presented with a person eligible for relief, a trial court shall "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) The statute requires the court to apply the sentencing rules of the Judicial Council, as well as any other changes in law that reduce sentences or increase judicial discretion. (§ 1172.75, subd. (d)(2); see also *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 [§ 1172.75 "requires a full resentencing, not merely that the trial court strike the newly 'invalid' [prior prison term] enhancements"].)

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to add subdivision (c), which requires a trial court to dismiss an enhancement "if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1); Stats. 2021, ch. 721, § 1.) In exercising its discretion, "the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).) Statutory mitigating circumstances include where application of an enhancement would result in a sentence over 20 years, the current offense is connected to mental illness, the enhancement is based on a prior conviction over five years old, and the firearm used in the current offense was inoperable or unloaded. (*Id.*, subd. (c)(2)(B), (D), (H), (I).) "[I]f the court finds that dismissal of an enhancement 'would endanger public safety,' then the court need not consider the listed mitigating circumstances." (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 296 (*Mendoza*).)

We review a trial court's denial of a motion to dismiss a sentence enhancement under section 1385 for abuse of discretion. (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490; *Mendoza*, *supra*, 88 Cal.App.5th at p. 298.) "A court abuses its sentencing discretion when it acts arbitrarily and capriciously, relies on improper matter in reaching its decision, or is unaware of the scope of its discretion so that it does not exercise informed discretion at all." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765; *People v. Garcia* (2024) 101 Cal.App.5th 848, 857 [a trial court's "risk finding" that dismissal of an enhancement would endanger public safety will be upheld " 'if it falls within "the bounds of reason, all of the circumstances being considered" ' "].)

8

C. *Analysis*

Defendant argues that the trial court abused its discretion in finding that dismissing the three prior serious felony conviction enhancements would endanger public safety by: (1) improperly considering only his dangerousness at the time of its decision, and not his dangerousness at the time of his release should the enhancements be dismissed; (2) failing to consider his age and individual characteristics; and (3) implicitly suggesting that defendant's plea could be rescinded if the enhancements were dismissed. We consider defendant's arguments in turn.

Defendant's argument that the trial court considered only his dangerousness at the time of its decision is based on his assertion that the court did not assess when he would be released if the enhancements were dismissed, and conducted only a backward-looking inquiry as to his dangerousness while incarcerated from 2012 to 2024.

In determining whether dismissal of an enhancement would endanger public safety, the trial court should assess the current and future dangerousness of the defendant, including considering when the defendant would be released from prison. (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 228.) Section 1385, subdivision (c)(2), however, "does not require the trial court to consider any particular factors in determining whether 'there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.' " (*Mendoza*, *supra*, 88 Cal.App.5th at p. 299.)

The record does not suggest the trial court failed to consider defendant's dangerousness upon his potential release. The court indicated it had read and considered defendant's briefing, which noted defendant had been in prison for approximately 11 years, and reviewed the abstract of judgment, which set forth defendant's sentence and credits.[7] Defense counsel observed at the hearing that defendant would be eligible for

---

[7] Based on the information before it, the trial court could easily calculate that defendant had served approximately 13.6 years in custody. After dismissal of the now-invalid one-

9

release if the court dismissed two of the five-year enhancements. While the court did not discuss defendant's potential release date, there is nothing to suggest the court was not aware of it or did not consider it in assessing defendant's dangerousness. With that information in mind, the court expressly found that a lesser sentence (i.e. dismissal of one or more five-year enhancements) would endanger public safety.[8] There is nothing to suggest the court restricted its inquiry to the period preceding defendant's resentencing and failed to consider defendant's future dangerousness when released.

Second, defendant argues that the trial court did not consider his age and personal characteristics when it determined that reducing the length of his sentence would pose a danger to public safety. The record does not support that contention. Defendant's briefing set forth his arguments about his advanced age and individual characteristics, many of which counsel reiterated at the resentencing hearing. In its ruling, the court noted that defendant should be commended for the positive steps he had taken, and that its decision would have been "easier" had defendant been "issue-free" while incarcerated. The court's statements indicate that it considered defendant's characteristics and the progress he had made while incarcerated, and balanced those factors against evidence suggesting that defendant would pose a danger to public safety if one or more enhancements were dismissed.

Specifically, the court pointed to multiple rule violations for failure to meet program or work expectations, possession and distribution of prohibited substances, threatening staff, fighting, and battery on a prisoner, which it found demonstrated "at

---

year prior prison term enhancement, dismissal of one five-year enhancement would result in a sentence of 15 years.

[8] Specifically, the trial found "clear and convincing evidence that [defendant] still poses -- or a lesser sentence would impose -- or endanger the public safety." While the court began to say that defendant *still* (or currently) poses a danger to public safety, the court ultimately found that a lesser sentence would endanger public safety.

least a hint of continued violence, which is much like what he is incarcerated for, which was a beatdown in prison or in jail." We cannot say the trial court exercised its discretion " ' " 'in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' " ' " (*Mendoza*, *supra*, 88 Cal.App.5th at p. 298; *People v. Garcia*, *supra*, 101 Cal.App.5th at p. 857 [" 'in the absence of a clear showing its sentencing decision was arbitrary or irrational, a trial court should be presumed to have acted to achieve legitimate sentencing objectives' "].) We are mindful that, under this standard, the trial court's " ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) It is neither irrational nor arbitrary to determine that someone who committed a violent crime and was then involved in multiple incidents of fighting, threats, and battery would pose a risk to public safety if released before his 20-year sentence was served. Tellingly, dismissing even one of the three enhancements would leave defendant with fewer than five years remaining on his sentence.

Finally, defendant argues the trial court improperly considered his plea agreement and implicitly suggested that it could be rescinded if the enhancements were dismissed. We do not agree with defendant's characterization of the record. Although the court did raise what it perceived as the possibility of recission, it immediately added: "I don't imagine the People are asking for that," and the prosecutor agreed he was not. Accordingly, even if the court believed the prosecution *could* withdraw defendant's plea in the event it dismissed one or more five-year enhancements, the record does not support defendant's argument that this belief affected the court's decision.

Defendant has failed to demonstrate that the trial court misunderstood or otherwise abused its discretion.

11

II

*Presentence Custody Credits*

Defendant's opening brief contends the abstract of judgment improperly reflected the statutory basis for awarding presentence conduct credits, and the incorrect number of presentence credits. In his reply brief, defendant acknowledges that the trial court corrected the statutory basis for the award of presentence custody credits in an amended abstract of judgment prepared after he filed his opening brief, but continues to claim the trial court awarded him an insufficient number of presentence custody credits.[9] As we will explain, defendant fails to carry his burden to show error on appeal.

A. *Additional Background*

The minute order from defendant's original sentencing in 2012 reflects that the trial court awarded defendant 832 actual days of presentence custody and 277 presentence conduct credits, for a total of 1,109 presentence credits. The record does not include a transcript of the sentencing hearing or a report from the sheriff or other official regarding the number of credits to which defendant was entitled (see Cal. Rules of Court, rule 4.310), and the minute order does not state the statutory basis for the court's award of presentence conduct credits. However, the abstract of judgment incorrectly reflected that the court awarded defendant only 124 conduct credits, rather than the 277 credits reflected in the minute order, and it contained a checked box indicating that credits were calculated pursuant to section 2933.1, which governs how conduct credits are awarded when a defendant has been convicted of a violent felony.

---

[9] The Attorney General conceded the errors in credit calculation outlined in defendant's opening brief in his response, but apparently had not yet received the amended abstract of judgment at the time of the brief's preparation. We therefore disregard the concession.

Defendant's opening brief contends the abstract of judgment incorrectly reflected that he accrued presentence conduct credits pursuant to section 2933.1 because he was not convicted of a violent felony. He argues that, instead, presentence conduct credits should have been calculated pursuant to section 4019, which generally governs presentence conduct credits. After filing his opening brief, defendant's appointed counsel sent the trial court a letter pursuant to *People v. Fares* (1993) 16 Cal.App.4th 954, which informed the court of multiple errors in the abstract of judgment, including that the abstract incorrectly reflected the statutory basis for awarding presentence conduct credits.[10]

On March 17, 2025, the trial court issued an order concluding in part that defendant was not convicted of a violent felony, and therefore his presentence conduct credits were properly calculated pursuant to section 4019, not section 2933.1. The court directed a new abstract of judgment reflecting this change in statutory basis and also an original award of 277 presentence conduct credits, as indicated in the minute order from the original sentencing, rather than the 124 credits that had been recorded on the original abstract of judgment. The new abstract of judgment was filed the same day as the trial court's order.

In his reply brief, defendant confirms that the new abstract resolved several of the issues he raised in his opening brief, but he argues that remand is required because he is entitled to 832 presentence conduct credits, rather than 277.

---

[10] Defendant's *Fares* letter was not included in the record on appeal.

B. *Analysis*

Initially, defendant was undoubtedly correct that the initial abstract of judgment incorrectly reflected that he was awarded conduct credits pursuant to section 2933.1, thereby improperly reducing his conduct award, and that error has subsequently been corrected in the March 17, 2025, abstract of judgment.

Defendant now argues that the trial court's March 17, 2025, order improperly reinstated the original (2012) sentencing court's award of presentence conduct credits, rather than independently recalculating and awarding what he claims without authority should total 832 conduct credits, i.e., conduct credit days in the same amount as his actual credit days. Defendant has failed to demonstrate the court erred.

First, the record does not reflect the sentencing court's basis for awarding 277 conduct credits. While the initial abstract of judgment reflected that the court awarded credits pursuant to section 2933.1, the minute order from the sentencing hearing does not. Further, had the trial court awarded presentence conduct credits pursuant to section 2933.1, it would have calculated 15 percent of 832, which equals 124 (as was originally reflected in the abstract).

Second, defendant is not entitled to the 832 conduct credits for which he asks, by any measure. He was sentenced on October 5, 2012, and served 832 actual days in presentence custody, indicating that he was taken into custody on June 27, 2010. He thus accrued presentence conduct credits pursuant to section 4019 as amended by Senate Bill No. 18 (2009-2010 3d Ex. Sess.) (Senate Bill No. 18), which was effective January 25, 2010. Because defendant was previously convicted of a serious felony, he was subject to the one-for-two rate set forth in former section 4019, subdivisions (b)(2) and (c)(2), meaning he would have accrued two days of conduct credit for every four actual days

14

spent in custody (see *People v. Garcia* (2012) 209 Cal.App.4th 530, 535-536), or 416 credits, *half* of the 832 actual days of credit accrued--277 days is *one-third* of 832.[11]

Moreover, we cannot tell from this record whether conduct credits were deducted for any reason such as a substantiated allegation of misconduct while in presentence custody. (See § 4019, subds. (b), (c); *People v. Lara* (2012) 54 Cal.4th 896, 903; Cal. Rules of Court, rule 4.310.) In the absence of anything more than speculation as to the original sentencing court's basis for awarding 277 days of presentence conduct credits and whether that basis was flawed, we decline to remand for a new calculation. Should defendant present the trial court with a second *Fares* letter containing substantiated claims of error in credit calculation, our decision here does not preclude the trial court from acting on any subsequent request in that regard.

III

*Restitution Fines*

Defendant contends the abstract of judgment should be corrected to properly reflect that the trial court waived all fines and fees. The People disagree, but defendant has the better argument.

At the April 2024 resentencing hearing, defendant requested that the trial court "waive all fines and fees due to his indigent status." The court agreed to do so, stating: "The Court will waive all fines and fees. I think there's been a change in the law, and to the extent the Court has the ability to reduce any of the mandatory fees and fines, I do so, and I will waive any discretionary fees and fines." Nevertheless, the new abstract of

---

[11] Assuming no deductions for misconduct, see discussion *post*, it appears the original sentencing court *may* have improperly determined that defendant was entitled to two conduct credits for every *six* actual days in custody, rather than every *four* days. Calculating defendant's credits in that way results in a conduct credit award of 277 days (832 actual days divided by six equals 138 2/3, and 138 2/3 multiplied by two equals 277 1/3 (rounded down to 277).)

judgment reflects that defendant was ordered to pay two $240 restitution fines (one for each case) pursuant to section 1202.4, subdivision (b), and that an equal amount was imposed and suspended unless parole was revoked pursuant to section 1202.45.

Section 1202.4, subdivision (b) requires the imposition of a restitution fine in every case resulting in a conviction unless the court finds "compelling and extraordinary reasons for not doing so and states those reasons on the record." Subdivision (c) of that statute provides that "[a] defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine," and shall be considered only "in increasing the amount of the restitution fine in excess of the minimum fine." When a conviction results in a sentence that includes a period of parole, section 1202.45, subdivision (a) requires the sentencing court to impose a parole revocation restitution fine "in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."

Although the People argue that the trial court intended to and did impose two $240 restitution fines, the record disagrees. The court expressly stated that it "will waive all fines and fees," and "will waive any discretionary fees and fines." The restitution fine, although including a minimum fine, is discretionary in that it permits the trial court to decline to impose it for "compelling and extraordinary reasons." (§ 1202.4, subd. (b); see *People v. Tillman* (2000) 22 Cal.4th 300, 303.) Accordingly, the restitution fine falls within the court's general stated intent to "waive any discretionary fines and fees," regardless of the fact that the court failed to state reasons for *not* imposing the minimum fine.

The People add that we should infer that the trial court intended to impose a (then-applicable statutory minimum) $240 restitution fine because the probation report recommended imposing an $800 restitution fine, but the record belies this assertion. Even were we inclined to construe the restitution fine as mandatory, rather than discretionary, the record does not reflect such a recommendation. We note with disapproval that the respondent's brief cites the probation report discussing defendant's

16

2009 conviction for criminal threats rather than any report connected to this case. Indeed, in June 2012, defendant expressly waived referral of this case to the probation department. Accordingly, there is nothing in the record supporting the People's assertions.

Because the trial court expressly stated its intent to waive all discretionary fines and fees, which includes restitution fines, we conclude the court did not impose restitution fines under section 1202.4 or parole revocation fines under section 1202.45. The abstract of judgment must be corrected to reflect the judgment orally imposed. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [courts may order correction of abstracts of judgment that do not reflect the oral judgments of sentencing courts]; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385 ["Where there is a discrepancy between the oral pronouncement of judgment and . . . the abstract of judgment, the oral pronouncement controls"].)

IV

*Abstract of Judgment*

The People point to an additional error in the abstract of judgment that must be corrected. Section 1 of the abstract incorrectly reflects the trial court imposed a sentence of two years on count 2A (negligent discharge of a firearm). Defendant was sentenced to two years on that count, but the sentence was doubled to four years due to his prior strike. The trial court is directed to correct that error. (See *People v. Mitchell*, *supra*, 26 Cal.4th at p. 185.)

## DISPOSITION

The judgment is affirmed.  We direct the trial court to prepare a corrected abstract of judgment that omits the unimposed fines and accurately reflects the four-year sentence imposed for the negligent discharge of a firearm offense.  We further direct the trial court to forward a certified copy of the new abstract of judgment to the Department of Corrections and Rehabilitation.


                                                /s/
                                        Duarte, Acting P. J.


We concur:


  /s/
Boulware Eurie, J.


  /s/
Feinberg, J.

18